UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FROYOWORLD LICENSING, LLC and ) <br> FROYOWORLD FRANCHISING, LLC ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> JACKY LIN, ) <br>     Defendant. ) | CIVIL ACTION <br> No. 13-40121-TSH |

**ORDER ON DEFENDANT'S MOTION TO DISMISS (Docket No. 23)**
**April 2, 2014**

**HILLMAN, D.J.**

### Background

Froyoworld Licensing, LLC and Froyoworld Franchising, LLC (collectively, "Froyoworld" or "Plaintiffs") have filed a Complaint (Docket No. 1) against Jacky Lin ("Lin" or "Defendant") under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051-1127 ("Lanham Act"), for trademark infringement, in violation of 15 U.S.C. § 1114(1) and false designation of origin and unfair competition under 15 U.S.C. § 1125(a). Froyoworld alleges that Lin has, without permission, used a mark "Froyoworld" for his self-serve frozen yogurt store in Gardner, Massachusetts that is confusingly similar to its registered trademark.

On October 13, 2013, this Court issued a temporary restraining order ("TRO") against Lin which, among other relief, enjoined him from directly or indirectly using, promoting or advertising, or in any way profiting from the mark known as "Froyoworld." In so doing, the Court found that Froyoworld was entitled to injunctive relief because it had established that: (1)

it was likely to succeed on the merits, (2) it would suffer irreparable harm if such relief were denied, (3) the equities were in its favor, and (4) public policy favored the issuance of an injunction. *See Order On Pls' Emergency Mot. For Temporary Restraining Order And Preliminary Inj. (Docket No. 2)*(Docket No. 11). The Court set a date for hearing on Froyoworlds' request for a preliminary injunction, however, prior to the hearing, the parties informed the Court that they had conferred, that Lin had fully complied with the terms of the TRO and there was nothing left to enjoin. *See Assented-To Mot. For An Order Cancelling The Hearing On Pls' Mot. For A Preliminary Inj.* (Docket No. 17).

On December 5, 2013, Lin filed his Motion To Dismiss (Docket No. 23). For the reasons set forth below, that motion is denied.

## Discussion

Froyoworlds' Complaint alleges claims for violation of the Lanham Act. Specifically, Froyoworld has alleged a claim of trademark infringement in violation of 15 U.S.C. § 1114, which " 'proscribes the unauthorized use of a mark similar enough to a federally registered trademark to be "likely to cause confusion, or to cause mistake, or to deceive." '[1] *Copy Cop, Inc. v. Task Printing, Inc.*, 908 F. Supp. 37, 43 (D. Mass. 1995)(internal citation and citation to quoted cases omitted). Froyoworld has also alleged a claim for "violation of the federal unfair competition statute, 15 U.S.C. § 1125. This section 'creates a statutory tort broader than common law unfair competition and the law of infringement,' … 'Claims under either section may be established by proving a likelihood of confusion.' " *Copy Cop, Inc.*, 908 F. Supp. at 44 (internal citation and citation to quoted case omitted).

---

[1] To make out a claim of trademark infringement, [plaintiff] must show: '(1) the ownership of a registered mark entitled to trademark protection; (2) the use of that [mark] in interstate commerce; and (3) its use by another in a manner likely to cause confusion or mistake when compared with the plaintiff's registered mark.' " *Copy Cop, Inc.*, 908 F.Supp. at 43.

*Standard Of Review*

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

*Whether Froyoworlds' Complaint Satisfies the Plausibility Standard*

Lin seeks to dismiss Froyoworlds' Complaint on the grounds that even if true, the well-pleaded allegations fail to state a claim. Plaintiffs assert that the factual allegations in their Complaint are sufficient to establish that they have a trademark that is worthy of protection and that Lin used their mark in violation of their rights and the Lanham Act. A protracted discussion of Defendant's motion is not warranted. His own legal arguments and analysis in and of

themselves are sufficient to establish that Plaintiffs have asserted plausible claims for violation of the Lanham Act sufficient to withstand challenge under *Iqbal and Twombly.*

Frankly, it is unclear to the Court why Defendant chose to file a motion to dismiss based on legal arguments which would have been more appropriately made in the context of a motion for summary judgment. Moreover, he included over 34 Exhibits in support of his motion. *See Affidavit of Dan Booth* (Docket No. 23). This Court's rules of procedure provide that if on motion under Rule 12(b)(6) matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed.R.Civ.P. 12(d). However, the Defendant requests that the Court take judicial notice of all of exhibits included with his motion without converting the motion into one for summary judgment. *See Defendant's Request For Judicial Notice* (Docket No. 23). He asserts that pursuant to Fed.R.Evid. 201, the Court is *required* to take judicial notice of information "when requested by a party who supplies the Court with the necessary information." *Id.* He then assumes that having taking judicial notice of the materials, the Court can consider them without converting the motion to dismiss into one for summary judgment.

"Under certain 'narrow exceptions,' some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgment. These exceptions include 'documents the *authenticity of which are not disputed by the parties*; ... official public records; ... documents central to plaintiffs' claim; [and] ... documents sufficiently referred to in the complaint.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013)(emphasis added). Rule 201 governs the judicial notice of *adjudicative facts.* Therefore, while the Court may take judicial notice of the timing, filing and origin of the materials that Defendant filed as exhibits and the fact that statements and facts are contained therein, it does not follow that the Court

4

assumes the truth of such statements and facts. Moreover, before taking judicial notice of materials pursuant to Fed.R.Evid. 201, the Court must first give all parties an opportunity to be heard.[2] In the context of a motion to dismiss, that may best be achieved by conversion of the motion to one for summary judgment. Under the circumstances of this case, Defendant's inclusion of extrinsic evidence would require that his motion be treated as one for summary judgment.

It appears that this Case is one that can and should be resolved on a short track without the need for protracted discovery and without incurring a great deal of expense. The Court will schedule a status conference in this case. If the parties agree with the foregoing assessment, they should file a joint scheduling order with the Court setting forth deadlines for completing limited discovery, if needed, and for the filing of dispositive motions.

## **Conclusion**

Defendant's Motion To Dismiss (Docket No. 23) is ***denied***.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[2] Defendant inexplicably docketed his request for judicial notice as one of the attachments to his motion to dismiss. Since he is seeking relief, the "request" should have been docketed as a separate motion, which would have given the Plaintiffs an opportunity to file a response and contest the authenticity of the included materials if they chose to do so. Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated.